McCRELESS v. HOWELL. (No. 6189.)

(Court of Civil Appeals of Texas. San Antonio. March 19, 1919. Rehearing Denied April 16, 1919.)

BROKERS ☞86(1)—COMPENSATION—ACTION— EVIDENCE.

In broker's action for commissions for services in securing exchange of properties between defendant and another, judgment for defendant *held* clearly against the great preponderance of the evidence, necessitating reversal.

Appeal from District Court, Dimmit County; J. F. Mullally, Judge.

Suit by J. O. McCreless against Lee Howell. From judgment for defendant, plaintiff appeals. Reversed and remanded.

Vandervoort & Johnson, of Carrizo Springs, for appellant.

T. F. Mangum, of San Antonio, and Wm. H. Davis, of Crystal City, for appellee.

FLY, C. J. This is a suit instituted by appellant against appellee to recover $2,500, alleged to be due as commissions for services performed in securing an exchange of properties between appellee and another person. It was alleged that appellee agreed to pay appellant $2,500 for securing an exchange of Texas lands for a three-story brick apartment house in Los Angeles, Cal.; that appellant secured an exchange of the properties, and deeds were passed between the parties, and appellee refused to pay the commissions. The cause was tried without a jury, and judgment rendered that appellant recover nothing and pay all costs.

The evidence of both appellant and appellee showed that appellee had agreed that he would pay appellant $2,500 if the exchange of the properties was consummated. A contract of exchange was made subject to an inspection of the California property by appellee. Appellee, after the inspection, declared the trade off, but at the solicitation of appellant made a second contract of exchange which was executed. He said that the $2,500 was based on a valuation of $100,000 for the California property; but he did declare the first contract off, not because the property was not worth as much as represented, but because there was an indebtedness on it. Appellant brought appellee and Knight, the owner of California property, together the second time, and appellee never at any time repudiated his contract to pay appellant the $2,500. Appellee obtained for his land practically what he desired, and there was no condition attached to the agreement to pay appellant $2,500 that California property should be worth $100,000.

The exchange of the property was inter-rupted for a short time; but through the efforts of appellant it was resumed, and the exchange was made of the identical real estate contemplated in the first negotiations. Appellee denied that he renewed his promise to pay the $2,500, although he is contradicted in that statement by both Knight and appellant. He did not state, however, that he had ever abrogated or set aside his contract with appellant. He made the contract with appellant, and he does not allege or prove that it was procured by a fraudulent representation as to the value of the California property. He was satisfied with its value, got a big value in the exchange for his land, and should pay for the services rendered by appellant.

The testimony upon which the court must have rendered its judgment is so meager and unsatisfactory, and is so clearly against the great preponderance of the evidence, that we cannot allow it to stand. Yet we are not prepared to render judgment on the evidence, but will return the case for further development.

The judgment is reversed, and the cause remanded.